1  ERIC M. ACKER (CA SBN 135805)
   GREG REILLY (CA SBN 250232)
2  MORRISON & FOERSTER LLP
   12531 High Bluff Drive
3  San Diego, California  92130-2040
   Telephone: 858.720.5100
4  Email:  eacker@mofo.com; greilly@mofo.com

5  Attorneys for Plaintiffs
   AREA 55, INC. AND VINTURI, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  AREA 55, INC, a California Corporation, and      CASE NO: __'11CV0145 DMS NLS__
    VINTURI, INC., a California Corporation,
12                                                    COMPLAINT FOR PATENT
            Plaintiffs,                               INFRINGEMENT; FALSE
13                                                    DESIGNATION OF ORIGIN; AND
            v.                                        UNFAIR COMPETITION
14
    AMAZON.COM, INC., a Washington
15  Corporation; POTENTIAL DYNAMIX, LLC,             DEMAND FOR JURY TRIAL
    a Nevada Limited Liability Company;
16  MATTHEW J. SCHMIDT (D/B/A DIRECT
    SUPER CENTER), an individual;
17  BOOMDEALZ, INC., a Washington
    Corporation; YOUR WHOLESALE
18  RETAILER, INC., a Florida Corporation;
    THIS IS CARMEN, INC. (D/B/A
19  JELLYRIVERS, INC.), a Florida Corporation;
    CYDEA INC. (D/B/A BEVERAGE
20  FACTORY), a California Corporation; PRIME
    WINE PRODUCTS LLC, a Florida Limited
21  Liability Company; WINEMALL.COM, INC.,
    a Florida corporation; and ANDRAS A. BOGI
22  (D/B/A WINE STUFF), an individual,

23          Defendants.

24

25      The Plaintiffs, Area 55, Inc. ("Area 55") and Vinturi, Inc. ("Vinturi") (collectively,

26  "Plaintiffs"), file this Complaint and Demand for Jury Trial seeking relief for patent infringement,

27  false designation of origin, and/or unfair competition by Defendants Amazon.Com, Inc.

28  ("Amazon"), Potential Dynamix, LLC ("Potential Dynamix"), Matthew J. Schmidt, doing

                                        1

business as Direct Super Center ("Schmidt"), Boomdealz, Inc. ("Boomdealz"), Your Wholesale Retailer Inc. ("Your Wholesale Retailer"), This Is Carmen, Inc., doing business as JellyRivers, Inc. ("This Is Carmen"), Cydea, Inc., doing business as Beverage Factory ("Cydea"), Prime Wine Products LLC ("Prime Wine"), Winemall.com, Inc. ("Winemall"), and Andras A. Bogi, doing business as Wine Stuff ("Bogi"), (collectively, "Defendants"), stating and alleging the following:

## **THE PARTIES**

1.      Plaintiff Area 55 is a corporation organized and existing under the laws of the State of California with its principal place of business in Carlsbad, California.

2.      Plaintiff Vinturi is a corporation organized and existing under the laws of the State of California with its principal place of business in Carlsbad, California.  Vinturi is a wholly-owned subsidiary of Area 55.

3.      On information and belief, Defendant Amazon is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Seattle, Washington.

4.      On information and belief, Defendant Potential Dynamix is a limited liability company organized and existing under the laws of the State of Nevada with a principal place of business in Chandler, Arizona.  On information and belief, Defendant Schmidt is an individual and resident of the State of Arizona, who is a principal of Potential Dynamix and is doing business under the name "Direct Super Center."  Potential Dynamix and Schmidt will collectively be referred to as "Potential Dynamix."

5.      On information and belief, Defendant Boomdealz is a corporation organized and existing under the laws of the State of Washington with a principal place of business in Seattle, Washington.

6.      On information and belief, Defendant Your Wholesale Retailer is a corporation organized and existing under the laws of the State of Florida with a principal place of business in Coral Springs, Florida.

7.      On information and belief, Defendant This Is Carmen is a corporation organized and existing under the laws of the State of Florida, doing business under the name JellyRivers,

CASE NO. _____

COMPLAINT

sd-538698

Inc., with a principal place of business in Port Saint Lucie, Florida.

8.     On information and belief, Defendant Cydea Inc. is a corporation organized and existing under the laws of the State of California, doing business under the name Beverage Factory, with a principal place of business in San Diego, CA.

9.     On information and belief, Defendant Prime Wine is a limited liability company organized and existing under the laws of the State of Florida with a principal place of business in Tampa, Florida.  On information and belief, Winemall is a corporation organized and existing under the laws of the State of Florida with a principal place of business in Odessa, Florida.  On information and belief, Prime Wine and Winemall are related entities and will be collectively referred to as "Prime Wine."

10.    On information and belief, Defendant Bogi is an individual and resident of the State of Pennsylvania, doing business under the name "Wine Stuff."

**<u>JURISDICTION AND VENUE</u>**

11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338, 15 U.S.C. § 1121, and 28 U.S.C. § 1367.

12.    This Court has personal jurisdiction over each Defendant pursuant to California Code of Civil Procedure § 410.10.  Each Defendant has knowingly and purposefully directed its wrongful acts to this forum, distributed, advertised and/or sold products embodying Plaintiffs' inventions and/or trade dress in this forum, actively solicited business in this forum, and utilized interactive websites that permit residents of this forum to purchase products embodying Plaintiffs' inventions and/or trade dress over the internet and have these products shipped into this forum.  Defendant Cydea is also a resident of this forum.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 as each Defendant is subject to personal jurisdiction in this judicial district, has done business in this judicial district, has committed acts of patent and/or trade dress infringement and unfair competition in this judicial district, and continues to commit such acts in this judicial district.  Defendant Cydea also has its principal place of business in this judicial district.

CASE NO. _____
COMPLAINT

sd-538698

## FIRST CLAIM FOR RELIEF

**(Infringement of U.S. Patent Nos. 7,614,614 B2 and 7,841,584 B2 Against All Defendants)**

14.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

15.     On November 10, 2009, United States Patent Number 7,614,614 B2 (the "'614 Patent") entitled "Venturi Apparatus" was duly issued to Area 55, formerly known as Exica, Inc.  A true and correct copy of the '614 Patent is attached hereto as Exhibit 1.

16.     The '614 Patent is valid and enforceable.

17.     Until July 8, 2010, Area 55 was the owner, by assignment from the inventors, of all right, title and interest in and to the '614 Patent.  On July 8, 2010, Area 55 assigned all right, title and interest in and to the '614 Patent to its wholly-owned subsidiary Vinturi, which now holds all right, title and interest in and to the '614 Patent.

18.     On November 30, 2010, United States Patent Number 7,841,584 B2 (the "'584 Patent") entitled "Venturi Apparatus" was duly issued to Area 55.  A true and correct copy of the '584 Patent is attached hereto as Exhibit 2.

19.     The '584 Patent is valid and enforceable.

20.     By assignment from the inventors, Area 55 is owner of all right, title and interest in and to the '584 Patent.

21.     The '614 Patent and '584 Patent will be collectively referred to as the "Area 55 Vinturi Patents."

22.     Plaintiffs invented, designed and sell a novel handheld wine aerator, the VINTURI Wine Aerator, that allows wine to be aerated and poured directly into a glass, making the wine breathing process faster and more convenient.  The VINTURI Wine Aerator is made and/or used according to the inventions claimed in the Area 55 Vinturi Patents.  The VINTURI Wine Aerator is marked with information regarding Plaintiffs' patent rights.

23.     Through its website, Amazon has advertised, offered for sale, sold, and/or facilitated the sale of products that infringe the Area 55 Vinturi Patents.  The product lines sold through the Amazon website that infringe the Area 55 Vinturi Patents (hereinafter, the "infringing products") include, but are not necessarily limited to, the following products:

CASE NO. _____
COMPLAINT

sd-538698

a. Products in the "Decantus" product line, including:

    i. Decantus

    ii. Decantus Elite Kit (includes Decantus)

    iii. Decantus Deluxe (includes Decantus)

    iv. Decantus Slim

    v. Decantus Connoisseur (includes Decantus)

b. Products in the "Vin O2" product line, including:

    i. VinO2

    ii. VinO2 Gift set (includes VinO2)

c. Products in the "Magic Decanter" product line, including:

    i. Magic Decanter

    ii. Magic Decanter Plus

    iii. Magic Decanter Deluxe Set (includes Magic Decanter)

    iv. Magic Decanter 2-Pack (includes Magic Decanter)

d. Products in the "Respirer" product line, including:

    i. Respirer

    ii. Wisp (includes Respirer)

    iii. Respirer with corkscrew (includes Respirer)

    iv. Premium Wisp (includes Respirer)

    v. Respirer Lot of 3 (includes Respirer)

e. Products in the "Vin-Aire" product line, including:

    i. Vin-aire Wine Aerator

24. Amazon advertises, offers for sale, sells, and/or facilitates the sale of infringing products through two different practices:

a. First, in some instances, Amazon advertises and offers for sale the infringing products on its website by providing detailed product descriptions, pricing information, and an online purchasing platform. Amazon further sells or facilitates the sale of infringing products by accepting payment for these products

CASE NO. _____

COMPLAINT

directly from consumers.  After receiving payment from consumers, Amazon notifies third parties, who pack and ship the product to the consumers.  Amazon then makes a payment to the third parties, after taking a fixed fee, revenue share fee, per-unit activity fee, or some combination thereof from the sale.  Amazon also ensures purchasers that "Your purchase will be protected by the A-to-Z Safe Buying Guarantee" provided by Amazon, which resolves disputes between the third parties and consumers.

b.    Second, in other instances, under the "Fullfillment by Amazon" program, Amazon advertises, offers for sale, sells, and facilitates the sale of the infringing products largely as described above.  In addition, the third party ships the infringing product to Amazon in advance, which then stores the infringing product in its warehouses until the customer orders the infringing product, at which time Amazon selects the product, packages it, and ships it to the consumer.  Amazon receives an additional "fulfillment fee" when this program is used.

25.    Amazon had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, sale, and facilitating of sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Amazon also advertises, offers for sale, sells, and facilitates the sale of Plaintiffs' products, which are marked with information of Plaintiffs' patent rights.  Moreover, in or about March 2010 and thereafter, Plaintiffs directly informed Amazon of their patent rights and that Amazon was advertising, offering for sale, selling, and facilitating the sale of the infringing products.

26.    Amazon has infringed and continues to infringe the Area 55 Vinturi Patents by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. § 271, through the advertising, using, selling, offering for sale, facilitating of sale, and/or importation of the infringing Decantus, VinO2, Magic Decanter, Respirer, and Vin-Aire product lines.

6

27.     Potential Dynamix advertises, offers for sale, and sells the infringing Magic Decanter and Respirer product lines through Amazon's website.

28.     Potential Dynamix had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, and sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Potential Dynamix also advertises, offers for sale, and sells Plaintiffs' products, which are marked with information of Plaintiffs' patent rights, on both Amazon's website and its own website www.directsupercenter.com.

29.     Potential Dynamix has infringed and continues to infringe the Area 55 Vinturi Patents by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. § 271, through the advertising, using, selling, offering for sale, and/or importation of the infringing Magic Decanter and Respirer product lines.

30.     Boomdealz advertises, offers for sale, and sells the infringing Magic Decanter product line through Amazon's website.  Boomdealz also advertises, offers for sale, and sells the infringing Magic Decanter product line through its own website www.boomdealz.com.

31.     Boomdealz had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, and sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Plaintiffs' products, which are marked with information of Plaintiffs' patent rights, are listed under the headings "Customers Who Bought This Item Also Bought" and "Customers Who Viewed This Item Also Viewed" on the portions of Amazon's website where Boomdealz advertises, offers for sale, and sells the infringing products.

32.     Boomdealz has infringed and continues to infringe the Area 55 Vinturi Patents by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. § 271, through the advertising, using, selling, offering for sale, and/or importation of the infringing Magic Decanter product line.

33.     Your Wholesale Retailer advertises, offers for sale, and sells the infringing

CASE NO. _____
COMPLAINT

sd-538698

VinO2 and Magic Decanter product lines through Amazon's website.

34. Your Wholesale Retailer had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, and sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Plaintiffs' products, which are marked with information of Plaintiffs' patent rights, are listed under the heading "Customers Who Viewed This Item Also Viewed" on the portions of Amazon's website where Your Wholesale Retailer advertises, offers for sale, and sells the infringing products.

35. Your Wholesale Retailer has infringed and continues to infringe the Area 55 Vinturi Patents by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. § 271, through the advertising, using, selling, offering for sale, and/or importation of the infringing VinO2 and Magic Decanter product lines.

36. This Is Carmen advertises, offers for sale, and sells the infringing Decantus and Respirer product lines through Amazon's website.

37. This Is Carmen had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, and sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, This Is Carmen also advertises, offers for sale, sells, and facilitates the sale of Plaintiffs' products, which are marked with information of Plaintiffs' patent rights, on both Amazon's website and its own website www.jellyrivers.com.

38. This Is Carmen has infringed and continues to infringe the Area 55 Vinturi Patents by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. § 271, through the advertising, using, selling, offering for sale, and/or importation of the infringing Decantus and Respirer product lines.

39. Cydea advertises, offers for sale, and sells the infringing Decantus product line through Amazon's website. Cydea also advertises, offers for sale, and sells the infringing Decantus product line through its own website www.beveragefactory.com.

40. Cydea had actual or constructive knowledge of Plaintiffs' patent rights, knew or

should have known that the advertisement, offer for sale, and sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Cydea also advertises, offers for sale, and sells Plaintiffs' products, which are marked with information of Plaintiffs' patent rights, on both Amazon's website and its own website www.beveragefactory.com.

41.     Cydea has infringed and continues to infringe the Area 55 Vinturi Patents by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. § 271, through the advertising, using, selling, offering for sale, and/or importation of the infringing Decantus product line.

42.     Prime Wine advertises, offers for sale, and sells the infringing Vin-Aire product line through Amazon's website.  Prime Wine also advertises, offers for sale, and sells the infringing Vin-Aire product line through its own websites www.winemall.com and www.vin-aire.com.

43.     Prime Wine had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, and sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Plaintiffs' products, which are marked with information of Plaintiffs' patent rights, are listed under the heading "Customers Viewing This Page May Be Interested in These Sponsored Links" on the portions of Amazon's website where Prime Wine advertises, offers for sale, and sells the infringing products.

44.     Prime Wine has infringed and continues to infringe the Area 55 Vinturi Patents by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. § 271, through the advertising, using, selling, offering for sale, and/or importation of the infringing Vin-Aire product line.

45.     Bogi advertises, offers for sale, and sells the infringing Decantus product line through the website www.winestuff.com.

46.     Bogi had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, and sale of the infringing products

CASE NO. _____
COMPLAINT

sd-538698

would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Bogi also advertises, offers for sale, and sells Plaintiffs' products, which are marked with information of Plaintiffs' patent rights, through the website www.winestuff.com.

47.     Bogi has infringed and continues to infringe the Area 55 Vinturi Patents by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. § 271, through the advertising, using, selling, offering for sale, and/or importation of the infringing Decantus product line.

48.     Defendants have each advertised, used, sold, offered for sale, facilitated the sale, and/or imported the infringing products, and continue to do so, despite an objectively high likelihood that these products infringe the Area 55 Vinturi Patents.  The risk of infringement was either known or so obvious that it should have been known by each Defendant because each Defendant had actual or constructive knowledge of Plaintiffs' patent rights and that the infringing products infringed these patent rights.  Each Defendant's infringement of the Area 55 Vinturi Patents is therefore willful and deliberate, making this case exceptional and entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

49.     As a direct result of each Defendant's infringement, Plaintiffs have suffered, and will continue to suffer damages, irreparable harm, and impairment of the value of its patent rights.

50.     Plaintiffs are entitled to enjoin Defendants' infringing acts and to recover from each Defendant the damages sustained by Plaintiffs as a result of each Defendant's infringement in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Infringement of U.S. Design Patent No. D625,137 S Against Amazon, Boomdealz, and Your Wholesale Retailer)**

51.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

52.     On October 12, 2010, United States Design Patent Number D625,137 S (the "'137 Patent" or "Area 55 Tower Patent") entitled "Aerator Tower" was duly issued to Area 55,

CASE NO. _____
COMPLAINT

sd-538698

1    Inc.  A true and correct copy of the '614 Patent is attached hereto as Exhibit 3.

2         53.     The '137 Patent is valid and enforceable.

3         54.     Area 55 is the owner, by assignment from the inventors, of all right, title and

4    interest in and to the '137 Patent.

5         55.     Plaintiffs invented, designed, and sell a novel and distinct product for displaying

6    the VINTURI Wine Aerator that is called the VINTURI Tower.  The VINTURI Tower is

7    designed according to the design claimed in the Area 55 Tower Patent.

8         56.     Through its website and using the procedures described in Paragraph 24,

9    Amazon has advertised, offered for sale, exposed for sale, sold, and/or facilitated the sale of

10    products that infringe the Area 55 Tower Patent, including but not necessarily limited to, the

11    Magic Decanter Tower and the Magic Decanter Deluxe Set (includes Magic Decanter Tower)

12    ("Magic Decanter Tower Products").

13         57.     An ordinary observer would conclude that the design of the Magic Decanter

14    Tower Products is substantially similar to the design claimed in the '137 Patent, including

15    because both have a largely circular base that is tapered at one end, a curved vertical arm rising

16    from the tapered end of the base, and a circular top portion that is open on both its top and

17    bottom.

18         58.     Amazon had actual or constructive knowledge of Plaintiffs' patent rights, knew

19    or should have known that the advertisement, offer for sale, exposure for sale, sale, and

20    facilitating of sale of the infringing products would induce actual infringement, and/or acted

21    with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Amazon also

22    advertises, offers for sale, sells, and facilitates the sale of Plaintiffs' VINTURI Tower.

23         59.     Amazon has infringed and continues to infringe the Area 55 Tower Patent by

24    direct infringement, contributory infringement, and/or inducing others to infringe in violation of

25    35 U.S.C. §§ 271 and 289, through the advertising, using, selling, offering for sale, exposing for

26    sale, facilitating of sale, and/or importation of the infringing Magic Decanter Tower Products.

27         60.     Boomdealz advertises, offers for sale, exposes for sale, and sells infringing

28    Magic Decanter Tower Products through Amazon's website.  Boomdealz also advertises, offers

CASE NO. _____
COMPLAINT

sd-538698

for sale, exposes for sale, and sells infringing Magic Decanter Tower Products through its own website www.boomdealz.com.

61.     Boomdealz had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, exposure for sale, and sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Plaintiffs' VINTURI Tower, is listed under the heading "Customers Who Viewed This Item Also Viewed" on the portions of Amazon's website where Boomdealz advertises, offers for sale, exposes for sale, and sells the infringing product.

62.     Boomdealz has infringed and continues to infringe the Area 55 Tower Patent by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. §§ 271 and 289, through the advertising, using, selling, offering for sale, exposing for sale, and/or importation of the infringing Magic Decanter Tower Products.

63.     Your Wholesale Retailer advertises, offers for sale, exposes for sale, and sells infringing Magic Decanter Tower Products through Amazon's website.

64.     Your Wholesale Retailer had actual or constructive knowledge of Plaintiffs' patent rights, knew or should have known that the advertisement, offer for sale, exposure for sale, and sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to Plaintiffs' patent rights because, *inter alia*, Plaintiffs' VINTURI Tower products are listed under the heading "Customers Who Viewed This Item Also Viewed" on the portions of Amazon's website where Your Wholesale Retailer advertises, offers for sale, exposes for sale, and sells the infringing product.

65.     Your Wholesale Retailer has infringed and continues to infringe the Area 55 Tower Patent by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. §§ 271 and 289, through the advertising, using, selling, offering for sale, exposing for sale, and/or importation of the infringing Magic Decanter Tower Products.

66.     As a direct result of Amazon's, Boomdealz's, and Your Wholesale Retailer's

CASE NO. _____
COMPLAINT

sd-538698

1   infringement, Plaintiffs have suffered, and will continue to suffer damages, irreparable harm,

2   and impairment of the value of its patent rights.

3        67.    Plaintiffs are entitled to enjoin Amazon's, Boomdealz's, and Your Wholesale

4   Retailer's infringing acts and to recover from each Defendant the damages sustained by

5   Plaintiffs as a result of Amazon's, Boomdealz's, and Your Wholesale Retailer's infringement,

6   and/or Amazon's, Boomdealz's, and Your Wholesale Retailer's total profits as a result of their

7   infringement,  in an amount to be proven at trial.

8                    **THIRD CLAIM FOR RELIEF**

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. 1125(a)**

9   **Against Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer)**

10       68.    Plaintiffs repeat and incorporate by reference the allegations set forth above.

11       69.    The VINTURI Wine Aerator is sold in a unique and distinct package that

12   contains pictures and/or text on each side.  Pictures of this unique and distinctive package are

13   attached hereto as Exhibit 4.  In summary, the package includes the following unique and

14   distinctive elements:

15        •   The front of the package shows a picture of wine being poured through the

16           VINTURI Wine Aerator with the caption "VINTRUI: ESSENTIAL WINE

17           AERATOR" written on the black band in the middle of the VINTURI Wine

18           Aerator.

19        •   One side of the package has a picture of the VINTURI Wine Aerator in its

20           stand placed in-between a wine bottle and a wine glass, with a cork next to

21           the wine bottle.  This side has the tag line: "Enjoy Your Wine From the Very

22           First Sip."

23        •   The other side of the package has the tag line "Wine Needs to Breathe."

24           Under this tag line is the following statement "As Wine Breathes, It Opens

25           Up and Releases Its Intended Aromas and Flavors.  The More You

26           Appreciate Wine, the More You'll Appreciate the Difference."  Below this

27           statement are three descriptions:  (1) "Better Bouquet"; (2) "Enhanced

28           Flavors"; and (3) "Smoother Finish."  Under these descriptions is a quote

sd-538698

1      from an Independent Double Blind Tasting that says: "The same bottle of

2      wine treated with Vinturi was higher in overall flavor intensity and

3      mouthfeel…Higher in red color intensity and overall aroma intensity…More

4      true to type and of higher quality."

5      •  The back of the package shows wine being poured from a wine bottle through

6      the VINTURI Wine Aerator into the top of a wine glass and includes the tag

7      line "All the Taste None of the Wait."

8      70.    The specific combination of these pictures and text is distinctive and unique to

9  the VINTURI Wine Aerator's packaging and constitutes Plaintiffs' Packaging Trade Dress.

10      71.    In addition, the VINTURI Wine Aerator has a unique and distinctive look that

11  constitutes Plaintiff's Design Trade Dress, as follows:  the VINTURI Wine Aerator has a unique

12  elongated, dual-truncated, obovoid shape, has either a black or white silicone decorative band

13  wrapped around the lower-mid section of the aerator's body, and has a receptacle in the upper

14  section of the aerator that is shaped like a wine glass.  Pictures of this unique and distinctive

15  look are attached as Exhibit 5.

16      72.    Since the time Area 55 launched the VINTURI Wine Aerator in or around

17  October 2006, it has been widely recognized and highly acclaimed in the wine industry, by wine

18  enthusiasts, and by consumers generally.  The VINTURI Wine Aerator has received glowing

19  reviews in numerous publications, including the *New York Times*, *NBC San Diego*, *The Los*

20  *Angeles Times*, *The San Francisco Chronicle*, *The Atlanta Journal-Constitution*, *Today*,

21  *Entrepreneur*, *The Oprah Magazine*, *Wired*, *Sunset*, *The Daily Transcript*, *The Napa Valley*

22  *Register*, *Vinquiry Wine Analytics*, and *Drink DryCreek*.

23      73.    Plaintiffs market and promote the VINTURI Wine Aerator extensively in United

24  States commerce and in a variety of channels of trade, including the Amazon.com website, and

25  through popular grocery and retail stores, such as Safeway, BevMo, and Crate and Barrel.

26      74.    Since 2006, millions of VINTURI Wine Aerators have been sold.

27      75.    By virtue of Plaintiffs' continuous and substantially exclusive use of Plaintiffs'

28  Packaging Trade Dress and Design Trade Dress since the VINTURI wine aerator was

CASE NO. _____
COMPLAINT

introduced in the marketplace (including by consistently featuring the Packaging Trade Dress and Design Trade Dress in advertisements for the products), Plaintiffs' Packaging Trade Dress and Design Trade Dress have become strong and distinctive identifiers of Plaintiffs' products. The relevant consumer market has come to associate the total image of the VINTURI Wine Aerator—including the Packaging Trade Dress and the Design Trade Dress—with Plaintiffs' product. Consequently, Plaintiffs' Packaging Trade Dress and Design Trade Dress acquired secondary meaning prior to Defendants' first use of their infringing trade dress.

76.     Plaintiffs' Packaging Trade Dress and Design Trade Dress as a whole do not serve any function other than to identify the source of the VINTURI Wine Aerator products as Plaintiffs' products.

77.     The infringing products sold under the Magic Decanter product line are identical to or substantially similar to Plaintiffs' distinctive VINTURI Wine Aerator both in product design and packaging.

78.     Specifically, the Magic Decanter has an elongated, dual-truncated, obovoid shape, has a black decorative band wrapped around the lower-mid section of the aerator's body, and has a receptacle in the upper section of the aerator that is shaped like a wine glass, which has obviously been designed to copy Plaintiffs' Design Trade Dress. Pictures of the Magic Decanter's infringing product design are attached as Exhibit 6.

79.     The packaging of the Magic Decanter products is also confusingly similar—if not identical—to Plaintiffs' unique and distinctive Packaging Trade Dress. Pictures of the Magic Decanter's infringing packaging are attached as Exhibit 7. The identical elements of the Magic Decanter packaging include the following:

- The front of the package shows a picture of wine being poured through what purports to be the Magic Decanter product with the caption "MAGIC DECANTER: ESSENTIAL WINE AERATOR" written on the black band in the middle of the Magic Decanter product.

- One side of the package has a picture of what purports to be the Magic Decanter product in its stand placed in-between a wine bottle and a wine glass, with a cork

CASE NO. _____
COMPLAINT

next to the wine bottle.  This side has the tag line: "Enjoy Your Wine From the Very First Sip."

- The other side of the package has the tag line "Wine Needs to Breathe."  Under this tag line is the following statement "As Wine Breathes, It Opens Up and Releases Its Intended Aromas and Flavors.  The More You Appreciate Wine, the More You'll Appreciate the Difference."  Below this statement are three descriptions:  (1) "Better Bouquet"; (2) "Enhanced Flavors"; and (3) "Smoother Finish."  Under these descriptions is a quote that says: "The same bottle of wine treated with Magic Decanter was higher in overall flavor intensity and mouthfeel…Higher in red color intensity and overall aroma intensity…More true to type and of higher quality."

- The back of the package shows wine being poured from a wine bottle through what purports to be the Magic Decanter product into the top of a wine glass and includes the tag line "All the Taste None of the Wait."

80.      The infringing products are identical to and compete head to head with Plaintiffs' VINTURI Wine Aerator products.  Moreover, they are offered through similar and even identical channels of trade (including through Amazon.com) to the same types of consumers— people who are interested in enhancing their enjoyment of wines.  Accordingly, there can be no question that the infringement of Plaintiffs' Design Trade Dress and Packaging Trade Dress by the Magic Decanter product line is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers into falsely believing that these products are provided, sponsored, or approved by Plaintiffs or that there is a connection or affiliation between Plaintiffs and the infringing products.

81.      Defendants Amazon and Potential Dynamix knew of Plaintiffs' Design Trade Dress and Packaging Trade Dress prior to commencing sales of the infringing Magic Decanter products because each also advertises, offers for sale, sells, and/or facilitates the sale of Plaintiffs' VINTURI Wine Aerator on Amazon's website and/or their own websites.

82.      Defendants Boomdealz and Your Wholesale Retailer knew of Plaintiffs' Design Trade Dress and Packaging Trade Dress prior to commencing sales of the infringing Magic

Decanter products because Plaintiffs' VINTURI Wine Aerator is listed under the headings "Customers Who Bought This Item Also Bought" and/or "Customers Who Viewed This Item Also Viewed" on the portions of Amazon's website where Boomdealz and Your Wholesale Retailer advertise, offer for sale, and sell the infringing products.

83. Defendant Amazon's advertising, offering for sale, selling, and/or facilitating the sale of the infringing products known as the Magic Decanter product line on its website is likely to cause confusion as to source of the Magic Decanter product line and is likely to cause others to be confused or mistaken, or to believe that there is a relationship between the Magic Decanter product and Plaintiffs, or that the Magic Decanter product line is affiliated with or sponsored by Plaintiffs, which constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

84. Defendant Amazon's wrongful acts have permitted or will permit it to receive substantial profits based upon the strength of the reputation of Plaintiffs' Design Trade Dress and Packaging Trade Dress and the substantial goodwill that they have built up in such trade dress.

85. As a direct and proximate result of Defendant Amazon's wrongful conduct, Plaintiffs have been and will be deprived of the value of their Design Trade Dress and Packaging Trade Dress as assets.

86. Defendant Potential Dynamix's advertising, offering for sale, and selling of the infringing products known as the Magic Decanter product line on Amazon's website is likely to cause confusion as to source of the Magic Decanter product line and is likely to cause others to be confused or mistaken, or to believe that there is a relationship between the Magic Decanter product and Plaintiffs, or that the Magic Decanter product line is affiliated with or sponsored by Plaintiffs, which constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

87. Defendant Potential Dynamix's wrongful acts have permitted or will permit them to receive substantial profits based upon the strength of the reputation of Plaintiffs' Design Trade Dress and Packaging Trade Dress and the substantial goodwill that they have built up in

CASE NO. _____
COMPLAINT

sd-538698

1  such trade dress.

2      88.    As a direct and proximate result of Defendant Potential Dynamix's wrongful

3  conduct, Plaintiffs have been and will be deprived of the value of their Design Trade Dress and

4  Packaging Trade Dress as assets.

5      89.    Defendant Boomdealz's advertising, offering for sale, and selling of the

6  infringing products known as the Magic Decanter product line on Amazon's website and its

7  own website is likely to cause confusion as to source of the Magic Decanter product line and is

8  likely to cause others to be confused or mistaken, or to believe that there is a relationship

9  between the Magic Decanter product and Plaintiffs, or that the Magic Decanter product line is

10 affiliated with or sponsored by Plaintiffs, which constitutes false designation of origin and

11 unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

12     90.    Defendant Boomdealz's wrongful acts have permitted or will permit it to receive

13 substantial profits based upon the strength of the reputation of Plaintiffs' Design Trade Dress

14 and Packaging Trade Dress and the substantial goodwill that they have built up in such trade

15 dress.

16     91.    As a direct and proximate result of Defendant Boomdealz's wrongful conduct,

17 Plaintiffs have been and will be deprived of the value of their Design Trade Dress and

18 Packaging Trade Dress as assets.

19     92.    Defendant Your Wholesale Retailer's advertising, offering for sale, and selling of

20 the infringing products known as the Magic Decanter product line on Amazon's website is

21 likely to cause confusion as to source of the Magic Decanter product line and is likely to cause

22 others to be confused or mistaken, or to believe that there is a relationship between the Magic

23 Decanter product and Plaintiffs, or that the Magic Decanter product line is affiliated with or

24 sponsored by Plaintiffs, which constitutes false designation of origin and unfair competition in

25 violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

26     93.    Defendant Your Wholesale Retailer's wrongful acts have permitted or will

27 permit it to receive substantial profits based upon the strength of the reputation of Plaintiffs'

28 Design Trade Dress and Packaging Trade Dress and the substantial goodwill that they have built

CASE NO. _____
COMPLAINT

up in such trade dress.

94.     As a direct and proximate result of Defendant Your Wholesale Retailer's wrongful conduct, Plaintiffs have been and will be deprived of the value of their Design Trade Dress and Packaging Trade Dress as assets.

95.     Without injunctive relief, Plaintiffs have no means by which to control the continuing injury to its reputation and goodwill.  Plaintiffs have been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Plaintiffs if they lose the ability to control the use of their trade dress, reputation, and goodwill through the false and unauthorized use of Plaintiffs' Design Trade Dress and Packaging Trade Dress.  Plaintiffs are therefore entitled to injunctive relief under Section 34 of the Lanham Act, 15 U.S.C. § 1116, prohibiting Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer from using Plaintiffs' Design Trade Dress and Packaging Trade Dress or any other design, logotype, trademark or designation which is likely to be confused with Plaintiffs' Design Trade Dress and Packaging Trade Dress.

96.     Plaintiffs have been damaged in an amount to be determined by the Court and are entitled to recover these damages, treble damages, the profits of Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer and the costs of the action under Section 35(a) of the Lanham Act, 35 U.S.C. § 1117(a).

97.     Because Amazon's, Potential Dynamix's, Boomdealz's, and Your Wholesale Retailer's actions have been committed willfully and with intent to profit from Plaintiffs' goodwill in their Trade Dress, this is an exceptional case and Plaintiffs are entitled under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), to recover Amazon's, Potential Dynamix's, Boomdealz's, and Your Wholesale Retailer's profits and to receive reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(Unlawful Conduct and Fraudulent Business Practices,
Cal. Bus. & Prof. Code §§ 17200 *et seq.* Against
Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer)**

98.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

CASE NO. _____
COMPLAINT

sd-538698

99.     As described in the prior sections, Defendants Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer have advertised, offered for sale, sold, and/or facilitated the sale of the Magic Decanter product line.

100.    On information and belief, products sold under the Magic Decanter product line are a direct copy, or "knock-off," of Plaintiffs' VINTURI Wine Aerator and were intentionally copied in an effort to profit from Plaintiffs' commercial success, goodwill, and business reputation.

101.    These actions violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and therefore constitute unlawful conduct within the meaning of California Business and Professions Code § 17200.

102.    These actions are also likely deceive consumers regarding the origins of the Magic Decanter product line and the connection of these products to Plaintiffs and the VINTURI Wine Aerator, and therefore constitute fraudulent business practices within the meaning of California Business and Professions Code § 17200.

103.    As a direct and proximate result of the willful acts and conduct of these Defendants, Plaintiffs have been harmed and have suffered financial losses.  Because each of the infringing products competes directly with Plaintiffs' VINTURI Wine Aerator, the unlawful and unfair sale of these products has resulted in Plaintiffs' loss of sales of the VINTURI Wine Aerator, erosion in market price for handheld wine aerators, and/or damage to Plaintiffs' business reputation from false customer belief that Plaintiffs are associated with the infringing products.

104.    As a direct and proximate result of the willful acts and conduct of Defendants, Plaintiffs have therefore been injured and will continue to suffer irreparable injury to their business and reputation unless Defendants Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer are restrained by the Court from continuing such unlawful and unfair business practices and acts of unfair competition.

105.    Pursuant to California Business and Professions Code Section 17203, Plaintiffs are entitled to enjoin these practices.

20

CASE NO. _____
COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

a)      That judgment be entered in favor of Plaintiffs that the Area 55 Vinturi Patents are infringed by each Defendant in violation of 35 U.S.C. § 271;

b)      That permanent injunctions be issued pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees, and all other persons acting in concert or participation with them from further infringement of the Area 55 Vinturi Patents;

c)      That judgment be entered in favor of Plaintiffs that the Area 55 Tower Patent is infringed by Amazon, Boomdealz, and Your Wholesale Retailer in violation of 35 U.S.C. §§ 271 and 289;

d)      That permanent injunctions be issued pursuant to 35 U.S.C. § 283 enjoining Amazon, Boomdealz, and Your Wholesale Retailer, their officers, agents, servants, employees, and all other persons acting in concert or participation with them from further infringement of the Area 55 Tower Patent;

e)      That judgment be entered in favor of Plaintiffs that Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer have infringed and are infringing Plaintiffs' Trade Dress;

f)      That a permanent injunction be issued pursuant to 15 U.S.C. § 1116 enjoining Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer, their officers, agents, servants, employees, and all other persons acting in concert or participation with them from using, including but not limited to selling, or otherwise exploiting or attempting to exploit, Plaintiffs' Trade Dress for and/or in connection with any business involving the offer or sale of goods or services, or for any other purpose;

g)      That judgment be entered in favor of Plaintiffs that Defendants Amazon, Potential Dynamix, Boomdealz, and Your Wholesale Retailer have engaged in unfair competition in violation of California Business and Professions Code § 17200;

h)      That a permanent injunction be issued pursuant to California Business and Professions Code § 17203 enjoining Defendants Amazon, Potential Dynamix, Boomdealz, and

sd-538698

1   Your Wholesale Retailer; their officers, agents, servants, and employees; and all other persons

2   acting in concert or participation with them from engaging in the identified (and any other) acts

3   of unfair competition under California Business and Professions Code § 17200.

4         i)      That Plaintiffs be awarded all compensatory, enhanced, special, and other

5   damages, with prejudgment interest, that they are entitled to under the patent statutes and the

6   Lanham Act according to proof at trial;

7         j)      That this case be decreed an "exceptional case" under the patent statutes and

8   Lanham Act, and that Plaintiffs be awarded trebled damages, attorneys' fees, costs, and any

9   other remedy to which they are entitled;

10         k)      That Plaintiffs be awarded attorneys' fees and costs against Defendants Amazon,

11   Potential Dynamix, Boomdealz, and Your Wholesale Retailer under California Business and

12   Professions Code § 17200 *et seq.*; and

13         l)      That Plaintiffs be awarded such further relief as the Court deems just and proper.

14

15

16   DATED:  January 24, 2010      Respectfully submitted,

17         MORRISON & FOERSTER LLP

18

19         By:  /s/ Eric M. Acker

20         ERIC M. ACKER
    eacker@mofo.com

21         Attorneys for Plaintiffs
    AREA 55, INC. and VINTURI, INC.

22

23

24

25

26

27

28

CASE NO. _____
COMPLAINT

sd-538698

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs Area 55, Inc. and Vinturi, Inc. hereby demand a jury trial on all issues so triable.

3

4    DATED:  January 24, 2010              Respectfully submitted,

5                                          MORRISON & FOERSTER LLP

6

7                                          By:   /s/ Eric M. Acker
                                                 _____
8                                                ERIC M. ACKER
                                                 eacker@mofo.com
9
                                                 Attorneys for Plaintiffs
10                                               AREA 55, INC. and VINTURI, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. _____
COMPLAINT

sd-538698

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

AREA 55, INC. and VINTURI, INC.

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

ERIC M. ACKER/GREG REILLY, MORRISON & FOERSTER, LLP, 12531 High Bluff Drive, San Diego, CA 92130 (858) 720-5100

## DEFENDANTS

AMAZON.COM, INC., POTENTIAL DYNAMIX, LLC, MATTHEW J. SCHMIDT (D/B/A DIRECT SUPER CENTER); ⊞

County of Residence of First Listed Defendant   N/A
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Not Known

'11 CV0145 DMS NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
35 U.S.C. 271; 15 U.S.C. 1125(a); Cal. Bus. & Prof. Code §§ 17200 et seq.

Brief description of cause:
Patent infringement; false designation of origin; California unfair competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE  Hon. Marilyn L. Huff

DOCKET NUMBER  3:09-cv-02755-H -NLS

DATE
01/24/2010

SIGNATURE OF ATTORNEY OF RECORD
/s/ Eric M. Acker

10 -CV-269-H-NLS

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

       (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

       (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

 **II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.     Example:     U.S. Civil Statute: 47 USC 553
                                                                             Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.